JULIE A. DUNNE (SBN 160544)
julie.dunne@us.dlapiper.com
MATTHEW RILEY (SBN 257643)
matthew.riley@us.dlapiper.com
ALBERTO CORONA (SBN 339906)
alberto.corona@us.dlapiper.com
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101
Tel:   619.699.2700
Fax:   619.699.2701

Attorneys for Defendant
TARGET CORPORATION

James R. Hawkins (SBN 192925)
Christina M. Lucio (SBN 253677)
Mitchell J. Murray (SBN 285691)
**JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile: (949) 387-6676
James@Jameshawkinsaplc.com
Christina@Jameshawkinsaplc.com
Mitchell@jameshawkinsaplc.com

Attorneys for Plaintiffs
GUSTAVO MEDINA and JANIRA PEREZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| GUSTAVO MEDINA and JANIRA PEREZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION, a Minnesota Corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 5:22-cv-00805-JGB (SHKx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>DISCOVERY MATTER REFERRED TO:<br>Magistrate Judge Shashi H. Kewalramani<br><br>Complaint Filed:  February 23, 2022<br>FAC Filed:            June 17, 2022 |

1.  A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiffs Gustavo Medina and Janira Perez and Defendant Target Corporation (collectively, the "Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal. Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

B. <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve employee records, trade secrets, and other valuable commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such private, confidential, and/or proprietary materials and information consist of, among other things, employees' personally identifiable information, compensation, disciplinary records, documented performance conversations, and personnel files, confidential business or financial information, information regarding confidential business practices, or other confidential commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal

1

STIPULATED PROTECTIVE ORDER
Case No. 5:22-cv-00805-JGB (SHKx)

statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. DEFINTIONS

    2.1    Action: This pending federal lawsuit.

    2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    2.4    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

    2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.16   <u>Target Employee Information</u>: all information that is provided by Target to Plaintiffs' attorneys that identifies or can be used to identify a particular individual, including without limitation, employee personnel records, names, contact information, addresses, phone numbers, email addresses, employee numbers, and social security numbers. Unless otherwise designated as "CONFIDENTIAL," Target Employee Information does not include information provided by Target regarding Plaintiffs.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations</u>. Material may be designated as "CONFIDENTIAL" at any time. However, the Parties will attempt to make such designations before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)   for testimony given in depositions, that the Designating Party identify all protected testimony on the record during the deposition or within 30 days after receiving the deposition transcript.

(c)   for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

Such designation will, without more, subject the information produced or provided under said designation to the provisions of this Order.

5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If a Party inadvertently produces Protected Material without an appropriate designation, the Producing Party shall give written notice of such inadvertent production to the

1  Receiving Party within twenty (20) days of discovering the inadvertent production.
2  The Producing Party shall also give the Receiving Party an appropriately designated
3  copy of the Protected Material. Upon receiving notice of the inadvertent production,
4  the Receiving Party shall promptly return the inadvertently produced Protected
5  Materials, along with all copies of such Protected Material, and shall retain only the
6  appropriately designated copy of the Protected Material.

8  6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>
9         6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a
10 designation of confidentiality at any time that is consistent with the Court's
11 Scheduling Order. A Party does not automatically waive its right to challenge a
12 confidentiality designation by electing not to mount a challenge promptly after the
13 original designation is disclosed. However, the Designating Party may point to delay
14 in challenging a confidentiality designation as evidence of waiver.
15        6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute
16 resolution process under Local Rule 37-1 et seq., except as modified herein.  Upon
17 receiving (1) written notice from the Challenging Party that it challenges the
18 designation of confidentiality as to specific materials as set forth in L.R. 37-1 and (2)
19 conducting the conference as set forth in L.R. 37-1, the Designating Party shall have
20 ten court days to remove the challenged designation or provide the Challenging Party
21 with a draft of the Joint Stipulation contemplated in L.R. 37-2.  In other words, any
22 Motion to maintain the confidentiality of the materials shall be made by the
23 Designating Party via joint stipulation as set forth in Local Rule 37.
24        6.3    The burden of persuasion in any such challenge proceeding shall be on
25 the Designating Party. Frivolous challenges, and those made for an improper purpose
26 (e.g., to harass or impose unnecessary expenses and burdens on other parties) may
27 expose the Challenging Party to sanctions. Unless the Designating Party has waived
28 the confidentiality designation, all parties shall continue to afford the material in

question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2 <u>Maintaining Security of CONFIDENTIAL Information or Items</u>. The Parties acknowledge that discovery may include the production of CONFIDENTIAL Information or Items, including Target Employee Information. Each Party receiving CONFIDENTIAL Information or Items through discovery shall have and maintain a comprehensive, written Security Program for Confidential Materials that complies with applicable law and industry best practices for as long as it accesses, stores, or processes CONFIDENTIAL Information or Items obtained through discovery. The Security Program will include physical, administrative, and technical security controls that prevent unauthorized access to, disclosure of, loss of, or use of produced CONFIDENTIAL Information or Items. The Receiving Party shall immediately notify the Producing Party if produced Confidential Materials are subject to a "Security Breach," which means any suspected or actual unauthorized access, use, or disclosure. The Receiving Party subject to a Security Breach will, at its own expense, promptly investigate the cause and scope of the Security Breach, preserve relevant evidence in a forensically-sound manner, and cooperate at its own expense in every

reasonable way to help mitigate potential misuse or further unauthorized use or disclosure of the CONFIDENTIAL Information or Items. If requested by the Producing Party, the Receiving Party shall provide any legally-required notifications and protection services to individuals whose CONFIDENTIAL Information or Items were involved in the Security Breach, as well as to regulators, government authorities, consumer reporting agencies, and media. The Receiving Party shall not provide any such notifications unless the contents of the communications are reviewed and approved by the Producing Party. The Receiving Party shall be solely responsible for all costs and expenses associated with investigating, notifying, mitigating the effects of, and remediating any Security Breach. The Parties shall not disclose CONFIDENTIAL Information or Items to any third party, except as expressly set forth herein. Plaintiffs' attorneys will be responsible for ensuring that any Professional Vendors or third parties retained by Plaintiffs or Plaintiffs' attorneys that have access to any CONFIDENTIAL Information or Items consistent with paragraph 7.3 below, have security programs that meet the same requirements as set forth in this paragraph.

      7.3    Target Employee Information. To further ensure that Target Employee Information is adequately protected, the Parties agree that, at the outset of Plaintiffs' attorneys' (or their designees') first contact with each current or former Target employee whose contact information is provided by Target through discovery in this litigation, Plaintiffs' attorneys (or their designees) will inform each contacted individual that: (a) the decision whether to talk with Plaintiffs' attorneys (or their designees) is voluntary and the individual has the right not to talk with Plaintiffs' attorneys (or their designees); and (b) if he or she elects not to talk to Plaintiffs' attorneys (or their designees), Plaintiffs' attorneys (or their designees) will terminate the contact and not contact them again.

      Plaintiffs' attorneys (or their designees) will also inform each individual that his or her refusal to speak with counsel will not prejudice his or her rights in any way.

Plaintiffs' attorneys (or their designees) will keep a list of all individuals contacted and all individuals who make it known that they do not want to be contacted and preserve that list.

7.4  Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as

permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

Inadvertent production of a document or other information subject to a claim of privilege or attorney work product will not waive the privilege or the attorney work product doctrine. If a Producing Party produces any material that the Producing Party thereafter claims to be privileged or protected, the Producing Party will give notice thereof to the Receiving Party in writing. Within five days, the material in question (and all notes and work product quoting, referring or relating thereto) will then be returned to the Producing Party, and the Receiving Party will certify that any and all copies have been retrieved and destroyed. If the Receiving Party has disclosed the information to others before being notified of the claim of privilege or protection, the Receiving Party must take reasonable steps to retrieve and return or destroy the disclosed information. The Receiving Party upon receiving a privilege log identifying the document remains free to challenge any claim of privilege or protection, but shall not make any claim that the production of the document caused a waiver of any privilege or protection. Moreover, absent a ruling that the document, data, or information at issue is not privileged or protected, a Receiving Party may not disclose nor make any use whatsoever of the information disclosed in or derived from the

document or information at issue. If a Party or counsel for a Party receives a document or other information that appears on its face to be inadvertently produced and subject to a claim of privilege or attorney work product, counsel for the Receiving Party will (i) inform counsel for the Producing Party promptly after becoming aware of the disclosure; (ii) promptly return the document or other information and all copies thereof; and (iii) promptly destroy all notes and other documents containing any reference to, or use of, the inadvertently produced information.

12. <u>MISCELLANEOUS</u>

    12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    12.3   <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13. <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

I, Matthew Riley, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

By: */s/ Matthew Riley*
MATTHEW RILEY

| | | |
|---|---|---|
| 1 | Dated: October 4, 2022 | **JAMES HAWKINS APC** |
| 2 | | |
| 3 | | By: */s/ Christina M. Lucio* |
| 4 | |     JAMES R. HAWKINS<br>    CHRISTINA M. LUCIO<br>    MITCHELL J. MURRAY |

Attorney for Plaintiffs
GUSTAVO MEDINA and JANIRA PEREZ

Dated: October 4, 2022   **DLA PIPER LLP (US)**

By: */s/ Matthew Riley*
    JULIE A. DUNNE
    MATTHEW RILEY
    ALBERTO CORONA

Attorneys for Defendant
TARGET CORPORATION

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: October 5, 2022

_[signature]_

Hon. Shashi H. Kewalramani
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Gustavo Medina, et al. v. Target Corporation*, Case No. 5:22-cv-00805-JGB (SHKx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____